## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAIME RADLIN,

       *Plaintiff,*

  vs.

       Case No. 14-1401-EFM

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

       *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Jaime Radlin seeks review of a final decision by Defendant, the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits under Title II of the Social Security Act. Radlin alleges that the administrative law judge ("ALJ") erred: (1) in the weight she gave two medical opinions because her finding was not supported by substantial evidence, (2) in not discussing Radlin's Department of Veteran's Affairs ("VA") disability finding, and (3) in discounting Radlin's credibility. Having reviewed the record, and as described below, the Court reverses and remands the order of the Commissioner for failure to address and discuss Radlin's VA disability rating.

### I.      Factual and Procedural Background

Jaime Radlin was born on December 3, 1951. On March 31, 2011, Radlin applied for disability insurance benefits, alleging a disability beginning on February 18, 2011. His

application was denied initially and upon reconsideration. Radlin then asked for a hearing before an ALJ.

ALJ Rhonda Greenberg conducted an administrative hearing on March 15, 2013. Radlin was represented at the hearing, and he testified about his medical conditions. The ALJ also heard from a vocational expert.

On May 31, 2013, the ALJ issued her written decision, finding that Radlin had not engaged in substantial gainful activity from the onset date of February 28, 2011.  The ALJ found that Radlin suffered from a history of fractures in his left shoulder with a torn tendon, a history of rotator cuff tear, asthma, and degenerative disc disease of the lumbar spine. The ALJ then determined that Radlin's impairment or combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

In assessing Radlin's Residual Functioning Capacity ("RFC"), the ALJ found that he had the capacity

> to perform a range of light work as defined in 20 CFR 404.1567(b), or work requiring lifting and/or carrying 20 pounds occasionally and 10 pounds frequently, standing and/or walking 6 hours in an 8-hour workday, and sitting 6 hours in an 8-hour workday. The claimant can occasionally reach overhead and can frequently reach in all other directions. The claimant can frequently stoop, kneel, crouch and climb ramps and stairs, but should never climb ladders, ropes or scaffolds or crawl. The claimant can perform work that does not require more than occasional exposure to changes in weather, humidity, wetness, dust, odors, fumes, and pulmonary irritants; or any exposure to temperature extremes.

The ALJ then determined that Radlin was capable of performing past relevant work as a contract administrator, purchasing agent, and clerical worker. Thus, the ALJ concluded that Radlin had not been under a disability during the relevant time period.

Given the unfavorable result, Radlin requested reconsideration of the ALJ's decision from the Appeals Council. The Appeals Council denied Radlin's request on September 25, 2014. Accordingly, the ALJ's May 2013 decision became the final decision of the Commissioner.

Radlin filed a complaint in the United States District Court for the District of Kansas. He seeks reversal of the ALJ's decision and remand to the Commissioner for a new administrative hearing. Because Radlin has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II.    Legal Standard

Judicial review of the Commissioner's decision is guided by the Social Security Act (the "Act") which provides, in part, that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."[1]  The Court must therefore determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.[2]  "Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion."[3]  The Court may "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]."[4]

An individual is under a disability only if he can "establish that [he] has a physical or mental impairment which prevents [him] from engaging in substantial gainful activity and is

---

[1] 42 U.S.C. § 405(g).

[2] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[3] *Barkley v. Astrue*, 2010 WL 3001753, at *1 (D. Kan. Jul. 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[4] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.3d 799, 800 (10th Cir. 1991)).

expected to result in death or to last for a continuous period of at least twelve months."[5]  This impairment "must be severe enough that [he] is unable to perform [his] past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering [his] age, education, and work experience."[6]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[7]  The steps are designed to be followed in order.  If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[8]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those severe impairments meets or equals a designated list of impairments.[9]  If the impairment does not meet or equal one of these designated impairments, the ALJ must then determine the claimant's RFC, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from his impairments."[10]

---

[5] *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).

[6] *Barkley*, 2010 WL 3001753, at *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005)).

[7] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. § 404.1520(a).

[8] *Barkley*, 2010 WL 3001753, at *2.

[9] *Lax*, 489 F.3d at 1084; *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[10] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

Upon assessing the claimant's RFC, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his past relevant work or whether he can generally perform other work that exists in the national economy, respectively.[11]   The claimant bears the burden in steps one through four to prove a disability that prevents performance of his past relevant work.[12]   The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[13]

### III.    Analysis

Radlin asserts three arguments. The Court, however, will only discuss Radlin's second argument that the ALJ erred by failing to discuss Radlin's VA disability finding. The ALJ's failure to appropriately discuss the VA disability rating requires reversal and remand to the Commissioner for such a discussion.

Pursuant to Social Security Ruling ("SSR") 06-03p, although another agency's determination of disability is not binding, the Commissioner is "required to evaluate all the evidence in the case record that may have a bearing on [the] determination or decision of disability, including decisions by other governmental and nongovernmental agencies."[14] "[E]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered," and "the adjudicator should explain the consideration given

---

[11] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[12] *Lax*, 489 F.3d at 1084.

[13] *Id*.

[14] Soc. Sec. Ruling 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006).

to these decisions in the notice of decision."[15] The ALJ should note and explain why the other agency's determination of disability was not persuasive.[16]

The record demonstrates that Radlin received an 80% service-connected disability rating from the VA. This 80% disability rating was based on asthma (60%), hepatitis (30%), hearing (10%), and tinnitus (10%). As the Commissioner acknowledges, the medical evidence in the record contains 1,500 pages of VA treatment notes.

In this case, the ALJ failed to mention, let alone discuss, Radlin's VA disability rating. The Commissioner contends that although the ALJ did not explicitly address the VA disability rating, the ALJ stated that she considered the entire record (which includes 1,500 pages of VA treatment notes), and the lower tribunal should be taken at its word. The Commissioner also asserts that the failure to explicitly address the disability finding is harmless error. The Court cannot agree. Social security regulations, as well as Tenth Circuit law, requires explanation in the denial decision as to what consideration and what weight the ALJ gave to the VA disability determination.[17] In this case, because of the ALJ's failure to even mention the VA disability rating, the Court cannot determine whether the ALJ considered it. The Court cannot "create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself."[18] The ALJ's failure to discuss the VA disability rating requires reversal and remand for further consideration.

---

[15] *Id.* at **6-7.

[16] *See Grogan v. Barnhart*, 399 F.3d 1257, 1262-63 (10th Cir. 2005).

[17] *Id.*; *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993); Soc. Sec. Ruling 06-03p, 2006 WL 2329939, at *7.

[18] *Grogan*, 399 F.3d at 1263.

**IT IS THEREFORE ORDERED** that, according to 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with this memorandum and order.

**IT IS SO ORDERED**.

Dated this 15th day of October, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE